**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

DAVID L. MILLER, #B-89191,          )
                                    )
                     **Plaintiff,**          )
                                    )
vs.                                 )          **Case No. 14-cv-00954-JPG**
                                    )
TOM MEZO, BILL WESTFALL,            )
ROGER PELKER, DR. TROST,            )
and DANELLA KIM BUTLER,             )
                                    )
             **Defendants.**          )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

    Plaintiff David Miller, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1).  In the complaint, Plaintiff claims that five Menard officials subjected him to inhumane conditions of confinement and inadequate medical care between August 27th and 30th, 2014 (Doc. 1, p. 2). Plaintiff now sues Tom Mezo (corrections officer), Bill Westfall (security major), Roger Pelker (corrections sergeant), Dr. Trost (medical doctor), and Danella Kim Butler (warden) for these alleged violations of his constitutional rights.  Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief, including a preliminary injunction.  Plaintiff filed his complaint without paying a filing fee for this action or filing a motion to proceed *in forma pauperis*.

**Merits Review Under 28 U.S.C. § 1915A**

    This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

**The Complaint**

All of the events described in the complaint occurred between August 27th and 30th, 2014 (Doc. 1, pp. 5-8).  On August 27th, Defendant Mezo locked Plaintiff in the shower, while Plaintiff's cell was searched (Doc. 1, p. 5).  When Plaintiff returned to his cell at 8:00 a.m., the lights no longer worked.  Plaintiff is housed in Menard's segregation unit; his cell has a steel door that allows very little light to enter the room (Doc. 1, p. 6).  Plaintiff filed an emergency grievance about the lighting issue with Defendant Butler around 11:00 a.m. the same day (Doc. 1, p. 5), but he received no response prior to filing this action.

Around the same time, Defendant Mezo transferred Michael Widmer, an inmate who is well-known to this Court, into Plaintiff's cell.  Defendant Mezo stated, "Widmer, you can sue me again now" (Doc. 1, p. 5).  At 3:00 p.m., Plaintiff's new cellmate advised C/O Fitzgerald[1] that the cell light was broken.  C/O Fitzgerald indicated that he would submit a work order and notify his sergeant.

Hours later, at 1:00 a.m. on August 28th, Plaintiff lost his footing as he climbed down from the top bunk in total darkness (Doc. 1, p. 6).  He fell to the concrete floor "splitting his face [and] head open and injuring his ribs, back and wrist" (Doc. 1, p. 6).  Plaintiff believes that he broke bones and sustained other possible internal injuries.  He reported the incident to C/O Harris[2] at 2:30 a.m.  Twenty minutes later, nine Menard officials, including medical staff, arrived at Plaintiff's cell to assist him.  By this time, Plaintiff's bed, mattress, and linens and his

---

[1] C/O Fitzgerald is not named as a Defendant in this action.
[2] C/O Harris is also not named as a Defendant either.

cellmate's mattress were covered in blood[3] (Doc. 1, p. 7).  Plaintiff was treated for cuts and returned to the blood-soaked cell.

Plaintiff's bleeding did not stop, and he continued to suffer from pain.  When Plaintiff asked Defendant Mezo to please call medical staff to address his bleeding and pain, Defendant Mezo refused, stating, "F*** you, you crazy old bastard" (Doc. 1, p. 7).  Plaintiff also asked Defendant Mezo to place him in a clean cell with a working light, or at least provide him with clean linens and a clean mattress.  Defendant Mezo denied both requests.  Plaintiff wrote directly to Defendants Trost, Butler, Pelker, and Westfall the same day, on August 28th, explaining that he was injured while housed in a dark cell, where he remained surrounded by contaminated linens and no lighting.  He asked for medical treatment and a transfer to a cell with properly functioning lighting.  Defendants denied these requests.

On August 29th, Defendant Mezo told Plaintiff that he "could just f***ing die for all he cared" (Doc. 1, p. 8).  He left the cell without calling medical staff to help Plaintiff.

On August 30th, Plaintiff was seen by medical staff (Doc. 1, p. 7).  A medical staff member told Plaintiff that he needed immediate x-rays and an examination by a doctor.  Instead, Plaintiff was returned to his cell.  Plaintiff alleges that he has "multiple broken bones," is suffering from "extreme" pain, and has been denied basic medical care, including a low bunk permit (Doc. 1, pp. 7-8).  He also claims that he has been subjected to inhumane conditions of confinement in a blood-soaked cell that has no lighting.

Plaintiff now sues Defendants Mezo, Westfall, Pelker, Trost, and Butler, seeking declaratory judgment, monetary damages, and injunctive relief.  He has also filed a motion for

---

[3]   Plaintiff alleges in his motion for injunctive relief that he has been diagnosed with Hepatitis C (Doc. 2, p. 1).

injunctive relief, in which he requests a hearing "ASAP" to address his need for medical attention and a clean cell with lighting (Doc. 2).

**Discussion**

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable claims:

> **Count 1:   Eighth Amendment conditions of confinement claim against Defendants Mezo, Westfall, Pelker, Trost, and Butler for subjecting Plaintiff to a cell with no lighting and blood-soiled linens and mattresses from August 27-30, 2014;**

> **Count 2:  Eighth Amendment deliberate indifference to medical needs claim against Defendants Mezo, Westfall, Pelker, Trost, and Butler for failing to provide Plaintiff with adequate medical care for the injuries he sustained on August 28, 2014;**

While the requirement that Plaintiff exhaust all of his administrative remedies before filing a lawsuit may present an insurmountable hurdle,[4] the Court will allow both claims to proceed at this time out of an overabundance of caution.

**Motion for Injunctive Relief**

Along with the complaint, Plaintiff filed a separate motion for injunctive relief, in which he seeks a hearing "ASAP" to address Plaintiff's request for medical care and a sanitary cell with adequate lighting (Doc. 2, p. 1).  The Court construes this request as a motion for preliminary injunctive relief.  In order to obtain this relief, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007).  If those three factors are shown, the district court must then balance the

---

[4] In the complaint, Plaintiff indicates that he filed an emergency grievance with Defendant Butler to address the issue of cell lighting on August 27th, but received no response prior to filing this action (Doc. 1, p. 5).  He also made several direct verbal and written requests for medical care and a clean, functioning cell to all Defendants, which have been denied (Doc. 1, p. 7).

4

harm to each party and to the public interest from granting or denying the injunction.  *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Upon preliminary review, the Court finds that Plaintiff's motion warrants prompt consideration of the deliberate indifference to medical needs (Count 1) and conditions of confinement (Count 2) claims.  Accordingly, Plaintiff's request for a preliminary injunction shall be **REFERRED** pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) to a **United States Magistrate Judge**, who shall resolve the request as soon as practicable and issue a report and recommendation following an expedited response period.  If it becomes apparent that further action is necessary, the undersigned Judge should be notified immediately.  Any motions filed after the date of this Order that relate to this request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to the United States Magistrate Judge.

**Filing Fee/IFP Motion**

At the time of filing this action, Plaintiff failed to remit payment of the $400.00 filing fee. He also neglected to file a motion for leave to proceed *in forma pauperis* ("IFP Motion"). The Clerk of Court notified Plaintiff of this fact in a letter dated September 2, 2014 (Doc. 3). Plaintiff's obligation to pay the full filing fee or file a properly completed IFP Motion and Trust Fund Account Statement within thirty days of the Clerk's letter survives this order.  Failure to take action will result in the dismissal of this case.  Plaintiff is hereby **ORDERED** to provide the Court with a filing fee of $400.00 or a properly completed Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs by October 2, 2014.  **Failure to comply with this Order shall result in dismissal of this action for want of prosecution or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

**Disposition**

As to **COUNTS 1** and **2**, the Clerk is directed to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **TOM MEZO, BILL WESTFALL, ROGER PELKER, DR. TROST,** and **DANELLA KIM BUTLER**. The Clerk shall issue the completed summons, and prepare a service packet for each defendant consisting of: the completed summons, the completed form USM-285, a copy of the complaint (Doc. 1), a copy of the motion for preliminary injunction (Doc. 2), and this memorandum and order. The Clerk shall deliver the service packets for each defendant to the United States Marshal Service for personal service on each defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order (on or before September 18, 2014),** the United States Marshals Service **SHALL personally serve** upon Defendants **MEZO, WESTFALL, PELKER, TROST,** and **BUTLER** the service packets containing the summons, form USM-285, a copy of the complaint (Doc. 1), a copy of the motion for preliminary injunction (Doc. 2), and this memorandum and order. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service. The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for preliminary injunctive relief.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to the **United States Magistrate Judge** for further pre-trial proceedings, including resolution of Plaintiff's request for a preliminary injunction as soon as practicable, to include a report and recommendation following an expedited response period. If it becomes apparent that further action is necessary, the undersigned Judge should be notified immediately. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has not yet been filed. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 4, 2014**

*s/J. Phil Gilbert*
**U.S. District Judge**

7