IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID L. MILLER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  14-cv-954-JPG-SCW |
| | ) | |
| TOM MEZO, BILL WESTFALL, ROGER PELKER, DR. TROST, and DANELLA KIM BUTLER, | ) ) ) ) | |
| Defendants. | | |

REPORT AND RECOMMENDATION

WILLIAMS, Magistrate Judge:

I.  Introduction

This case is before the Court on Defendants' Motion to Dismiss for Want of Prosecution (Doc. 38).  The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge J. Phil Gilbert pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a).**  It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** Defendants' motion to dismiss (Doc. 38).

II.  Findings of Fact

Plaintiff filed his Complaint on September 2, 2014 pursuant to 42 U.S.C. § 1983 alleging that Defendants subjected him to inhumane conditions of confinement and inadequate medical care (Doc. 1).  Specifically, Plaintiff alleges that Defendants subjected him to a cell in which the light was broken (Doc. 4 at p. 2).  Due to the cell having inadequate lighting, Plaintiff fell while getting into

the top bunk, splitting his face and head open and injuring his ribs, back, and wrist (*Id.*).  Plaintiff alleges that Defendants did not provide adequate medical treatment for his injuries and refused to provide him with clean sheets, leaving him in a cell lacking light with bedding covered in his own blood (*Id.* at p. 3).  The Court conducted a threshold review of Plaintiff's claims pursuant 28 U.S.C. § 1915A and divided Plaintiff's Complaint into two counts: Count 1 alleging a conditions of confinement claim against Defendants for subjecting Plaintiff to a cell with no lights and blood-soiled linens and mattress and Count 2 alleging deliberate indifference against Defendants for inadequately treating the injuries he received as the result of his fall.

At that time, the Court reminded Plaintiff that he was "under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address" and that the Court would not investigate his whereabouts (Doc. 4 at p.7).  Plaintiff was warned that his failure to comply with the Court's order may result in a dismissal of his case for failure to prosecute.  According to the affidavit submitted by Defendants from Menard's records office, Plaintiff was released from IDOC custody on November 18, 2014.  Plaintiff has not updated the Court on his current whereabouts, nor has he filed anything in this case since September 9, 2014 (See Doc. 11).

This matter is brought before the Court on a Motion to Dismiss for Want of Prosecution filed by Defendants (Doc. 38).  Defendants argue that Plaintiff's Complaint should be dismissed for failure to prosecute because he has not updated his address with the Court and his current whereabouts are unknown.  Plaintiff was given a responsive deadline of January 20, 2015.  As of this date, Plaintiff has failed to respond to Defendants' motion.  Thus, pursuant to **SDIL Local Rule 7.1 (c),** Plaintiff's failure to respond is deemed an admission of the merits of the motion.

### III. Conclusions of Law

**FEDERAL RULE OF CIVIL PROCEDURE 41(b)** provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Further, the Local Rules provide, and Plaintiff was informed in this Court's threshold Order, that he is "under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his…location." *See* **LOCAL RULE 3.1(b).** The Court previously warned Plaintiff that his failure to comply with Local Rule 3.1(b) could result in a dismissal of his case (Doc. 4).

While Plaintiff has had ample opportunity to prosecute this case, Plaintiff has failed to file anything in this case since he filed a motion for in forma pauperis status on September 9, 2014 (Doc. 9). Nor has he responded to Defendants' motion to dismiss. Further, Plaintiff was released from prison on November 18, 2014 and he has not informed the Court of his new address (Doc. 38-1 at ¶ 2). The Court informed Plaintiff that he was under an obligation to inform the Court of any change in his address and that it would not independently track Plaintiff down (Doc. 4). He was also warned that his failure to update his address could result in dismissal of his case (*Id.*). As Plaintiff has not updated his address as ordered by this Court and has failed to participate in this case in over four months, the undersigned **RECOMMENDS** that the Court **DISMISS with prejudice** Plaintiff's case for want of prosecution.

### IV. Conclusion and Recommendation

Accordingly, the undersigned **RECOMMENDS** that the Court **GRANT** Defendants' motion to dismiss (Doc. 38) and **DISMISS** Plaintiff's case **with prejudice** for failure to prosecute.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or

all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **February 12, 2015**.

**IT IS SO ORDERED**.

DATED: January 26, 2015.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge